UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LENORA LEWIN,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

NO. 1:08-CV-00223

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 16), to which there were no objections. For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation, AFFIRMS the Magistrate Judge's recommended decision, and REMANDS this case to the ALJ pursuant to Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this decision.

Based on a combination of mental and physical impairments, Plaintiff filed her application for Social Security Disability and Supplemental Security Income in January, 2004, which Defendant denied initially and subsequently upon reconsideration (Id.). Plaintiff requested a hearing before an administrative law judge ("ALJ"), which she obtained on August 2, 2006, and at which she was represented by counsel (Id.). The ALJ denied Plaintiff's application in March, 2007, following which Plaintiff requested

review by the Appeals Council (Id.). The Appeals Council denied this request in January, 2008, after which Plaintiff timely filed her Complaint with this Court on March 31, 2008 (Id.).

Plaintiff asserts the ALJ made four errors prejudicial to her case (Id.). First, she argues the ALJ failed to find Plaintiff's wrist tendonitis a severe impairment and thus failed to provide limitations for this impairment in the residual functional capacity attributed to Plaintiff (Id.). Second, she contends the ALJ did not get accurate testimony regarding whether a significant number of jobs were available because he improperly framed his hypothetical questions (Id.). Third, she alleges the ALJ erred by relying on vague, inaccurate testimony from the vocational expert ("VE") (Id.). Finally, she argues the ALJ improperly assessed Plaintiff's credibility with respect to Social Security Ruling 96-7p (Id.).

In the Report and Recommendation, the Magistrate Judge thoroughly reviewed the relevant factual background and applicable law, and concluded there were multiple errors in the ALJ's decision justifying a remand. The Magistrate Judge first considered Plaintiff's contention that the ALJ failed to find Plaintiff's wrist tendonitis a severe impairment and thus failed to provide limitations for the impairment in his reserve functional capacity assessment (Id.). The Magistrate Judge determined that many of the production worker jobs would be restricted, not because of the

handling/fingering restriction, but because of the ALJ's restriction that working at a rapid pace should be avoided (Id.). Thus, the Magistrate Judge concluded that "if the number of the office clerk positions remained unaffected by the handling/fingering limitation, the arguable error in failing to clarify how many production workers remained was harmless" (Id.). As a result, the Magistrate Judge concluded the ALJ's failure to consider Plaintiff's wrist tendonitis a severe impairment, although arguably erroneous, was accommodated to the extent that the evidence supported it and was therefore not a prejudicial error (Id.).

Next, the Magistrate Judge turned to Plaintiff's second argument that the ALJ did not get accurate testimony regarding whether a significant number of jobs were available because he improperly framed his hypothetical questions. Specifically, Plaintiff alleged the Magistrate Judge failed to include, in his hypothetical question to the VE, a restriction to jobs limited to understanding, remembering and carrying out simple one and two-step instructions and jobs involving routine and repetitive tasks, superficial contact with people and no constant rapid pace (Id.). The Magistrate Judge disagreed that the ALJ failed to include a restriction to jobs involving routine and repetitive tasks and jobs involving only superficial contact with people and those not performed at a constant rapid pace (Id.). The Magistrate Judge

-3-

further found substantial evidence to support the ALJ's view that Plaintiff had the residual functional capacity to understand and follow three-step directions.

Also under this Statement of Error No. 2, Plaintiff alleged the ALJ failed to include Plaintiff's reading level in his hypothetical questions. The Magistrate Judge concluded that if there was an error, it was harmless because the error was not prejudicial to Plaintiff (Id.).

Finally under Statement of Error No. 2, Plaintiff claimed the ALJ erred by concluding the terms "stoop" and "squat" were synonymous (Id.). The Magistrate Judge found that based on the questioning, "we are left in the dark about Plaintiff's ability to perform the job of general office clerk because we do not know whether the job involves "stooping" and an inability to "stoop" should have been part of the description contained in the ALJ's hypothetical question" (Id.). Accordingly, the Magistrate Judge found this error justified a remand.

Next, the Magistrate Judge turned to Plaintiff's third argument that the ALJ erred by relying upon the VE's job selection when no <u>Dictionary of Occupation Titles</u> ("DOT") references were cited. The Magistrate Judge found "the ALJ's reliance upon Dr. Bending's representation that she would identify any jobs in conflict with the DOT was erroneous, because she did not identify the job of general office clerk as being such a job" (Id.).

Consequently, the Magistrate Judge determined this error similarly justified a remand.

Finally, the Magistrate Judge turned to Plaintiff's fourth argument that faulted the ALJ for his assessment of Plaintiff's credibility. The Magistrate Judge concluded from the evidence that it could not be determined if the ALJ's determination was erroneous.

The Court, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b) finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned. For the reasons stated above, the ALJ's decision is not supported by substantial evidence and should be reversed and remanded for further proceedings consistent with the Magistrate Judge's Report and Recommendation. The Court finds warranted a remand of this matter because the ALJ erred by concluding the terms "stoop" and "squat" are synonymous and erred by relying upon the VE's job selection when no DOT references were cited. As a result of these errors, the ALJ's decision was not supported by substantial evidence.

The Parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th

Cir. 1981). Neither Party filed any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

Accordingly, having reviewed this matter de novo pursuant to 28 U.S.C. §636(b), the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (Id.), REVERSES the decision of the ALJ and REMANDS this case for further proceedings.

SO ORDERED.

Dated: June 10, 2009            /s/ S. Arthur Spiegel

                                            S. Arthur Spiegel
                                            United States Senior District Judge