UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LENORA LEWIN, | : | |
| | : | |
| Plaintiff, | : | NO. 1:08-CV-00223 |
| | : | |
| v. | : | |
| | : | **OPINION AND ORDER** |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on Plaintiff's Motion for Fees and Costs under the Equal Access to Justice Act, 28 U.S.C. Section 2412(d) (doc. 19). The government filed a response in opposition (doc. 22). For the reasons indicated herein, the Court DENIES Plaintiff's Motion.

**I. Background**

On June 10, 2009, this Court affirmed the Magistrate Judge's Report and Recommendation, which concluded that the Administrative Law Judge ("ALJ") had erred by concluding the terms "stoop" and "squat" are synonymous and by relying on the vocation expert's ("VE's") job selection when no <u>Dictionary of Occupational Titles</u> ("DOT") references were cited (doc. 17). As a result of these errors, the Magistrate Judge found and this Court affirmed that the ALJ's decision was not supported by substantial evidence (docs. 16, 17). This Court therefore reversed the Commissioner's non-disability finding and remanded this matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405 (g) (doc.

17).

Plaintiff now brings the present motion, as prevailing party, seeking attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d) (doc. 19). The burden on the government as to Plaintiff's motion is to establish that its position in these proceedings was "substantially justified."

## II. Analysis

### A. EAJA Background

The EAJA states in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses. . .incurred by that party in any civil action. . .including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The Supreme Court's decision, Secretary v. Schaefer, 509 U.S. 292 (1993), makes it clear that a claimant who obtains a sentence-four judgment reversing a denial of benefits for further consideration qualifies as a "prevailing party" and thus may petition for EAJA fees.  509 U.S. at 307 ("the Court's holding today [is] that a claimant who secures nothing more than an order instructing the Secretary to try again is a prevailing party")(J. Stevens)(concurring).

Plaintiff seeks attorney fees and costs on the basis that

2

she became a prevailing party and because the position of the United States in this litigation was not substantially justified (doc. 19, citing Secretary v. Schaefer, 509 U.S. 292 (1993)). Plaintiff's counsel attached an itemized report of the time spent and costs expended on this matter (Id.). The government responded in opposition, arguing that its position was "substantially justified" and therefore Plaintiff should not receive attorney fees (doc. 22).

### B. Discussion

The "substantially justified" standard is not explicitly defined in EAJA, however Supreme Court and Sixth Circuit precedent provide useful guidelines. In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court established that even an incorrect position could still be substantially justified, as long as a reasonable person could think it is correct. 487 U.S. at 566, n.2 ("a position can be justified even though it is not correct, and … can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.") Additionally, in Couch v. Secretary of Health and Human Services, 749 F.2d 359 (6th Cir. 1984), the Sixth Circuit held that a decision not supported by substantial evidence may still be substantially justified. 749 F.2d at 360 ("The fact that this court finds a decision of the Secretary not supported by substantial evidence is not equivalent to a

3

finding that the position of the United States was not substantially justified").

In its Response in Opposition (doc. 22), the government argues that even though this Court found that the ALJ's decision was not supported by substantial evidence, the government's position was still substantially justified (Id.). First, the government argues that even though the ALJ erred in failing to account for a no-stooping limitation, the ALJ had two good reasons for making this mistake (Id.). The first is Dr. Arani found that Ms. Lewin had a full range of lumbar motion, which would be inconsistent with a limitation for stooping. (Id.). The second is that Plaintiff did not allege a back impairment, or any other impairment that would be expected to interfere with stooping (Id.).

Additionally, the government argued that even though the ALJ relied on job testimony from the VE that was inconsistent with the DOT, the Agency did not violate Social Security Ruling 00-4p (Id.). SSR 00-04p requires that the ALJ ask a VE whether the testimony given is consistent with the DOT, and obtain a reasonable explanation for any apparent inconsistencies. (Id. citing SSR 00-04p). The government notes that the ALJ in this case complied with SSR 00-04p by asking the VE at the outset of her testimony to identify any inconsistencies with DOT, which the VE did not (Id.).

Having reviewed the matter, the Court finds that the government's position was substantially justified. Therefore it is

4

not appropriate to award EAJA fees. As noted by the government, a position may still be substantially justified even if it not supported by substantial evidence. As demonstrated by the government, the ALJ had good reasons for failing to account for Ms. Lewin's no-stooping limitation. Additionally, by asking the VE to identify any inconsistencies with the DOT, the Agency complied with SSR 00-04p. Therefore, the government has met its burden of proof to show that its position in this matter was substantially justified.

**III. Conclusion**

Having reviewed this matter, the Court finds the government's position in this matter to be substantially justified. The government's Response is detailed and offers persuasive facts and precedent in support of its position. As such, the government's Response is well-taken.

Accordingly, the Court DENIES Plaintiff's Motion for Fees Under the Equal Access to Justice Act, 28 U.S.C § 2423 (d) (doc. 19).

SO ORDERED.

Dated: April 29, 2011     s/S. Arthur Spiegel
                          S. Arthur Spiegel
                          United States Senior District Judge